# UNITED STATES COURT OF APPEALS

**Filed 6/19/96**

## TENTH CIRCUIT

---

RONALD D. KELLY, II,

    Plaintiff - Appellant,

  v.

LARRY A. FIELDS, EDWARD L. EVANS,

    Defendants - Appellees.

No. 95-6328
(D. Ct. No. CIV-94-2113-C)
(W.D. Okla.)

---

## ORDER AND JUDGMENT[*]

---

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

This appeal is from an order of the district court adopting the report and recommendation of the magistrate judge granting summary judgment in favor of defendant Oklahoma state officials in an action brought pursuant to 42 U.S.C. § 1983.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Pro se plaintiff Kelly appeals on the ground that the district court erred in granting summary judgment and alleges that mistreatment by the Oklahoma Department of Corrections violates the requirements of Battle v. Anderson, 376 F. Supp. 402 (E.D. Okla. 1974). Plaintiff brought this civil rights action pursuant to 42 U.S.C. § 1983 alleging that he was deprived of a liberty interest when defendant Fields issued a department-wide directive which provided that inmates of the Oklahoma Department of Corrections convicted of murder were no longer eligible for minimum or community security classifications. Prior to the issuance of that directive plaintiff was serving a 35 year sentence for second-degree murder at James Crabtee Correctional Center and had been assigned a minimum security classification. Plaintiff and other inmates affected by the directive were notified of the change in policy and advised that they could either remain at the medium security yard at James Crabtree Correctional Center or be sent to maximum security at the Oklahoma State Penitentiary.

Plaintiff chose to remain at the Crabtree Center and was transferred to medium security. Although plaintiff may have been eligible for "grandfathering" into minimum security, defendant Evans, the warden of the facility, chose not to grandfather any inmates at that facility. Thus, plaintiff was housed in medium security. In this civil rights action, plaintiff alleges that he was denied due process under the Fourteenth Amendment when he was transferred from minimum to medium security. Specifically, plaintiff asserts that he has a liberty interest created by the Oklahoma Department of Corrections regulations

and policies that require that he be given a hearing prior to a transfer of classification.  No hearing was held.  Plaintiff was transferred as a part of a broad Oklahoma Department of Corrections change in policy.  Plaintiff further alleges that the failure to provide a hearing violates the requirements of Battle v. Anderson, 376 F. Supp. 402 (E.D. Okla. 1974).  Plaintiff sought monetary damages and reclassification to minimum security as a "class member" in Battle v. Anderson, supra.

We agree with the district court that a change in prison classification does not violate the Fourteenth Amendment rights of inmates either under the federal constitution or under any Oklahoma statutes or regulations of the Oklahoma Department of Corrections.  The Supreme Court made clear in Meachum v. Fano, 427 U.S. 215 (1976) that changes in prison security classifications do not implicate Fourteenth Amendment liberty interests.  Further, this court in Twyman v. Crisp, 584 F.2d 352 (10th Cir. 1978) held that the Oklahoma prison classification system creates no liberty interest which requires due process prior to reclassification.  Further, we agree with the magistrate judge that the regulations of the Oklahoma Department of Corrections do not create a liberty interest in a classification rating.  The cited regulations merely provide procedures to be followed by prison personnel when a classification hearing is held.  These regulations simply do not create any right to remain at a particular security classification level.

To the extent that the case as it was presented to the district court raises issues related to the requirements of Battle v. Anderson, id., we agree with the magistrate judge

that plaintiff has failed to establish that he has been deprived of any liberty interest and therefore has not been denied any constitutional rights cognizable under 42 U.S.C. § 1983.

We have reviewed plaintiff's brief, the pleadings, the magistrate judge's report and recommendations, the district court order, and have carefully examined the entire record on appeal. Based upon our review of this record, we affirm the order of the district court for substantially the reasons set forth in the report and recommendation of the magistrate judge. AFFIRMED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge